UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-21219-CIV-MORENO/GOODMAN

KAY DARBY,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION

This is a maritime personal injury action wherein Plaintiff "lost her footing" on what she claims was "an unreasonably and dangerous wet surface that was not objectively perceivable." [ECF No. 1, ¶ 12]. Plaintiff alleges that as a result of the incident she "suffered traumatic injuries that included, but are not limited to, a torn rotator cuff and a torn bicep that required surgical repair" and injury to her back. *Id.*

Plaintiff sued Defendant for a single count of negligence and alleged eighteen different theories of negligence on the part of Defendant and a nineteenth, "catch-all," theory based on acts or omissions that would be revealed through discovery. [ECF No. 1, ¶¶ 36(a)-(s)].

Plaintiff filed a partial summary judgment motion, Defendant filed an opposition response, and Plaintiff filed her reply. [ECF Nos. 70, 78, 85]. United States District Judge Federico A. Moreno referred to the Undersigned Plaintiff's partial summary judgment motion for a Report and Recommendations. [ECF No. 97].[1] For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's partial summary judgment motion.

I.    **Legal Standard**

On a summary judgment motion based on an affirmative defense, "the same legal standards and burden shifting rules are applicable." *Villar v. Cammarata Mgmt., Inc.*, No. 19-CV-81625, 2020 WL 2988813, at *5 (S.D. Fla. June 4, 2020).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment can be entered on a claim or defense only if it is shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition, under Rule

---

[1]    Judge Moreno also referred to the Undersigned Defendant's summary judgment motion [ECF No. 73] and Defendant's *Daubert* motion [ECF No. 94], which will be addressed in separate Reports and Recommendations. *See* Referral Orders [ECF Nos. 97, 100].

56(f)(1), the Court may grant summary judgment for the nonmoving party "[a]fter giving notice and a reasonable time to respond." *See Gentry v. Harborage Cottages-Stuart, LLLP*, 654 F.3d 1247, 1261 (11th Cir. 2011).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this initial demonstration, the burden of production, not persuasion, shifts to the nonmoving party.

The nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *see also* Fed. R. Civ. P. 56(c). To meet this burden, the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." *Id.* at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.*

**II.    Analysis**

Plaintiff moves for summary judgment on Defendant's Fourth and Fifth Affirmative Defenses. These affirmative defenses state as follows:

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, the Defendant further affirmatively alleges, without admitting liability, that in the event that the Plaintiff should recover on her claim, this Defendant would be entitled to a set-off, off-set and/or reduction for any and all collateral source benefits either paid or payable to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery she obtains herein must be limited to the percentage of aggravation she suffered as a result of this alleged accident.

[ECF No. 5, p. 6].[2]

Defendant's Fourth Affirmative Defense seeks to "set-off, off-set and/or reduce" Plaintiff's recovery by the amounts paid or payable by collateral sources. [ECF No. 5, p. 6]. Plaintiff contends that the Eleventh Circuit's decision in *Higgs v. Costa Crociere S.P.A.*

---

[2]    Defendant takes issue with Plaintiff having cited in her Motion the Fifth Affirmative Defense from an answer filed by a different defendant in another lawsuit. [ECF No. 78, pp. 5-6]. While Defendant is factually correct, ultimately, Defendant's argument is inconsequential as the substance of the Fifth Affirmative Defense quoted in Plaintiff's Motion is essentially the same as the one copied-and-pasted from a different lawsuit.

*Co.*, 969 F.3d 1295 (11th Cir. 2020) "has finally put to rest any doubt on [the issue of collateral source benefits], and has unambiguously held that set-offs for medical bill 'write offs' are improper." [ECF No. 70, p. 3]. Defendant disputes Plaintiff's reading of *Higgs*. [ECF No. 78, pp. 3-4].

In *Higgs*, the Eleventh Circuit addressed the proper calculation of damages for past medical expenses. 969 F.3d at 1308. The Eleventh Circuit acknowledged the difficulty in ascertaining a reasonable value for medical services rendered due to the "complexities of health care pricing structures" and stated that "it would be inappropriate to impose a bright-line rule for the calculation of damages." 969 F.3d at 1313-14 (footnote omitted). It held that "the appropriate measure of past medical expense damages in a maritime tort case is the amount **determined to be reasonable by the jury** upon its consideration of *all* relevant evidence, including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer." *Id.* 1317 (emphasis added). By seeking summary judgment on this affirmative defense, Plaintiff is seeking a ruling that defendant may not introduce evidence of any collateral source payments, discounts, write-offs, or reductions to Plaintiff's medical bills. Any such ruling would be contrary to *Higgs*, which expressly contemplated that the jury would consider the reasonable value of medical services based on all of the relevant evidence, including the amounts billed, amounts paid and, if necessary, expert testimony. *Id.*

Additionally, in moving for summary judgment on this affirmative defense, Plaintiff is, for all practical purposes, attempting to obtain a premature ruling on the jury instructions which will be determined by the District Court at the charging conference.

For these reasons, the Undersigned **respectfully recommends** that the District Court **deny** summary judgment for Plaintiff on Defendant's Fourth Affirmative Defense.

Defendant's Fifth Affirmative Defense alleges that Plaintiff's injuries were due to a pre-existing injury or condition and not the subject incident. [ECF No. 5, p. 6]. Alternatively, the Fifth Affirmative Defense alleges that if a pre-existing injury or condition was aggravated by the subject incident, then Plaintiff's recovery is limited to the degree of that aggravation. *Id.*

Plaintiff contends that she is entitled to summary judgment on the Fifth Affirmative Defense because Defendant has presented no evidence of a pre-existing injury or condition. [ECF No. 70, p. 4]. Additionally, Plaintiff argues that because "[t]here does not appear to be controlling authority in maritime law on [pre-existing conditions], . . . this Court can look to state law to supplement maritime law on this issue." *Id.* Plaintiff then proceeds to argue that the Court should follow Florida Jury Instruction 501.5(a), which states:

> If you find that the (defendant(s)) caused a bodily injury, and that the injury resulted in [an aggravation of an existing disease or physical defect] [or] [activation of a latent disease or physical defect], **you should attempt to decide what portion of (claimant's) condition resulted from the [aggravation] [or] [activation]**. If you can make that determination, then you should award only those damages resulting from the [aggravation] [or]

> [activation]. **However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by (claimant)**.

*Id.* at 5 (quoting Fla. Std. Civil Jury Instruction 501.5(a)) (emphasis in Motion).

At the outset, the Undersigned notes that Plaintiff's "no evidence" summary judgment motion is insufficient to meet her burden of proof. While "[p]artial summary judgment may properly be granted on affirmative defenses," Plaintiff must show "Defendant cannot maintain these defenses by a preponderance of the evidence." *In Eli Rsch., LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2015 WL 5934632, at *2 (M.D. Fla. Oct. 6, 2015). Here, Plaintiff merely states that "Defendant has put forth no evidence to support" its Fifth Affirmative Defense. [ECF No. 70, p. 4]. Plaintiff's conclusory statement is insufficient to meet her burden at the summary judgment stage.

Moreover, and as with the Fourth Affirmative Defense, Plaintiff is, once again, attempting to obtain a premature ruling on the jury instructions which will be determined by the District Court at the charging conference.

For these reasons, the Undersigned **respectfully recommends** that the District Court **deny** summary judgment for Plaintiff on Defendant's Fifth Affirmative Defense.

### III. Conclusion

For the reasons stated herein, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's partial summary judgment motion.

## IV. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Federico A. Moreno. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 19, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record