UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-21219-CIV-MORENO

KAY DARBY,

*Plaintiffs*,

v.

CARNIVAL CORP.,

*Defendant*,
_________________________________________/

# **PLAINTIFF'S OBJECTIONS TO THE HONORABLE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS [DE 111]**

Plaintiff, KAY DARBY, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 72(a), files his Objections to the Honorable Magistrate Judge's Report and Recommendations, dated November 23, 2021, [DE 111], and states as follows:

(Plaintiff files the instant motion concurrently with her motion for reconsideration to establish that there is no doubt that she complied with the 14-day requirement to object to the Honorable Magistrate Judge's report and recommendation in order to preserve her rights to appeal it, but respectfully requests that this Honorable Court defer ruling on these objections until the Honorable Magistrate Judge rules on Plaintiff's motion for reconsideration).

## **I. Background and Legal Standard for Objections to Magistrate Judge Orders**.

This is a maritime personal injury action in which, on or about October 11, 2018, as Plaintiff traversed deck 3 port side of the Carnival Valor, she alleges she lost her footing on an unreasonably and dangerous wet surface that she could not perceive. As a result of the incident, the Plaintiff alleges that she suffered traumatic injuries that included, but are not limited to, a torn rotator cuff and a torn bicep that required surgical repair. Plaintiff also alleges that she injured her back in the fall. See [DE 1 at ¶¶. 11-12].

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to object to a magistrate judge's order on a non-dispositive, pre-trial matter, such as an evidentiary ruling or a report and

recommendation, within fourteen (14) days after service of the order or report. Rule 72(a) requires, upon consideration of a timely objection, an order modifying or vacating a magistrate judge's order or report to the extent that the order "is clearly erroneous or is contrary to law." *See also* 28 USC §636(b)(1)(A); *S.E.C. v. Kramer*, 778 F.Supp.2d 1320, 1326 (M.D. Fla. 2011).

A factual finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Kramer*, 778 F. Supp. 2d at 1326-27 (citing *U.S. v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Krys v. Lufthansa German Airlines*, 119 F. 3d 1515, 1523 (11th Cir. 1997). However, "[a] different standard applies when the district court examines the legal conclusions of a magistrate judge. The legal conclusions of a magistrate judge are reviewed under the plenary 'contrary to law' standard." *Brownlow v. Gen. Motors Corp.*, No. CIV. A. 3:05CV-414-R, 2007 WL 2712925, at *4 (W.D. Ky. Sept. 13, 2007). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Kramer*, 778 F.Supp.2d at 1327 (citing *Tompkins v. R.J. Rynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000)); *Brownlow*, 2007 WL 2712925 at *4 ("legal conclusions of a magistrate which contradict or ignore applicable precepts of law found in the Constitution, statutes or case precedent may be overturned."); *Tolz v. Geico General Ins. Co.*, 2010 WL 384745 at *2 (S.D. Fla. 2010) (citing *Pigott v. Sanibel Dev.*, LLC, 2008 WL 2937804 at *5 (S.D. Ala. July 23, 2008) (reversing magistrate judge's order finding a waiver of the attorney-client privilege). "Accordingly, the district court will exercise its independent judgment with respect to the legal conclusions of a magistrate judge on review pursuant to Fed. R. Civ. P. 72(a)." *Brownlow*, 2007 WL 2712925 at *4.

**II. Argument**.

Here, Plaintiff respectfully submits that, for the following reasons, the Honorable Magistrate Judge's order is clearly erroneous and contrary to law.

The Honorable Magistrate Judge ruled that,

> Moreover, even if a certification-holder like Dr. De Caso would need substantial background in lighting issues to obtain the LEED A.P. certification, his C.V. does not reveal much, if any, actual work in the illumination field. According to his C.V., he has not written any books, monographs, abstracts or articles about lighting issues, nor has he done any research into lighting issues. Likewise, his C.V. does not show any lighting-involved exhibitions he attended or participated in during his career. Additionally, although he has editorial responsibilities for nine journals,

> none involve lighting. Instead, those journals involve structures, building materials, and construction projects.

[DE 111 at p. 16]. However, as Dr. De Caso clarifies,

> 6. I have reviewed the Report and Recommendations on Defendant's Daubert Motion issued by Judge Jonathan Goodman on November 23, 2021 and wish to make the following supplementary statements in order to clarify misunderstanding regarding my qualifications to opine on lighting matters on this case:
>
> i. My initial declaration regarding the opinions I made about lighting qualifications were lacking, limited primarily to the role of the Illuminating Engineering Society of North America (IES). I therefore missed fundamental and important qualifications relevant to this matter.
>
> ii. Indeed, my qualifications relevant to lighting encompass much more than the recognition of the LEED A.P. certification, as previously declared.
>
> **iii. With regards to my relevant qualifications, I received formal advance academic and technical training specific to lighting/illuminance relevant to an array of applications such as streetlighting, floodlighting, tunnel lighting, sports lighting, and the design of artificial light sources (discharge light sources, luminaires…etc). This advance education also trained me to calculate sky factors, sky components (natural lighting), as well as the assessment of the adequacy of natural (window) and artificial (electrical lighting) design and safety applied to building forms for building users.**
>
> **iv. Furthermore, I also undertook additional advance academic training relevant to the built environment design, with specific training on illumination/lighting engineering and mechanics. This included**:
>
> a. **Lighting parameters**: Natural lighting, units of light, sun lighting, daylighting, regular lighting arrays, design of electric/artificial lighting, quality, luminaires, light sources;
>
> b. **Lighting design**: which encompass designed appearance, enclosure, structure, rational use of colour;
>
> c. **Combined lighting**: which encompass the use of natural light, control of electric lighting;
>
> d. **Lighting criteria**: establishing parameters and measurement criteria, isolation of variables, effects of natural and artificial lighting, measuring and experimentation of lighting;

e. **Lighting applications**: including the use of focus/display lighting, art galleries, museums, theaters, commercial/retail, principles of design, conservation; and

f. **Lighting safety**: which includes nighttime lighting security, floodlighting of buildings, means of egress, ambient lighting.

**v. The aforementioned lighting specific education was part of my Masters of Engineering, where I graduated with First Class Honours, the highest distinction that can be attained at a British institution.**

**vi. Further, I was able to apply my advance academic training related to lighting/illuminance early in my professional career as I performed lighting/illuminance evaluations of numerous buildings to measure and assess the adequacy and safety levels of artificial lighting for different applications. This included residential buildings, mix use buildings, commercial buildings, and most notably an assessment of illumination levels related to the means of egress of La Fenice, the opera house in Venice, Italy, a renowned landmark in the history of Italian theatre.**

**vii. To this end, much of my formal training, qualifications and professional experienced relevant to lighting/illuminance have been outside of North America, and thus I initially did not make reference to it in my declaration.**

**viii. Additionally, due to my professional knowledge, education, and training I have extensive experience in building code reference standards applicable throughout North America (USA and Canada), Europe, Russia, and Asia; where such documents are developed founded on evidence-based building science and engineering principles. Such knowledge and experience include the design requirements of materials as well as lighting specific requirements. It should be stated that the code requirements for the build infrastructure extends beyond lighting safety as it relates to life safety needs, and also encompass requirements for energy use**.

ix. Moreover, I have conducted lighting/illuminance surveys and evaluations, providing expert opinions that have been previously accepted in prior cases involving inspections on vessels including:

a. –Aurelia Smith (Plaintiff); Carnival (Defendant) 1:15-cv-24793-MARTINEZGOODMAN;

b. - Debra Roberts (Plaintiff); Carnival (Defendant): 1:20-cv-25281

c. - Patricia Watson (Plaintiff); Carnival (Defendant): 19-CV-22582

d. - Cheryl Milbrath (Plaintiff); NCL (Defendant): 1:17-CV-22071 - NCL
e. - Janet Lorenzo-Garcia (Plaintiff); MSC (Defendant): 1:20-cv-23552 0 MSC
f. - Susan Goldstein (Plaintiff); MSC (Defendant): 18-CV-61348

**x. As a point of clarification, in my first declaration, the intend of stating that 'IES recognizes LEED A.P. as a professional of lighting industry' was provided primarily as a means to show the relevance between IES and the American based credentials I have.**

**xi. It should be also be stated, that the illuminance survey I conducted during the inspection implemented sampling, methodology, and procedures that are in agreement with professional standards and best practices, measuring illuminance levels at different locations and vertical levels as described in the report**.

See Second Declaration Letter of Dr. De Caso, attached hereto as Exhibit 1 (emphasis added); see also Dr. De Caso's Updated CV, attached hereto as Exhibit 2 at, e.g., p. 1, 8 ("Dr. De Caso is an active professional member of numerous national and international organizations dedicated to the education, advocacy, development of standards, guidelines and codes, and advancement of the profession, where he actively participates in numerous committees and sub-committees with the objective of developing and reviewing the body of knowledge, advancing knowledge. Amongst some are the . . . Illuminating Engineering Society (IES). Dr. De Caso actively consults and advises numerous industry sector companies, in a selection of specialized built-environment aspects ranging from: materials and structural evaluation; an array of design requirements related to: lighting/illuminance, acoustic transmission, and energy; failure analysis; planning and building code compliance; safety and health; work and pedestrian safety; slip resistance; and quality control processes and systems.").

Therefore, Plaintiff respectfully submits that Dr. De Caso is in fact qualified to opine on engineering matters pertaining to lighting, and although the Honorable Magistrate Judge did not have all of the full benefit of Dr. De Caso's qualifications relating to lighting when it made its initial ruling, it has this benefit now, and in the interest of the resolution of this case on its merits, Plaintiff respectfully requests that this Honorable Court sustain her objections. *See Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) ("Doubt should be resolved in favor of a judicial decision on the

merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims.”).

**WHEREFORE**, Plaintiff, KAY DARBY, respectfully requests an order sustaining her objections to the Honorable Magistrate Judge’s Order, dated November 23, 2021, [DE 111], and for all other relief this Honorable Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

Respectfully submitted,
ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff,
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Tel: (305) 441 - 0440
Fax: (305) 441 – 0198
By:*/s/ Matthias M. Hayashi, Esq.*
Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
aronfeld@aronfeld.com
Matthias M. Hayashi, Esq.
Florida Bar Number: 115973
mhayashi@aronfeld.com