UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-21219-CIV-MORENO/GOODMAN

KAY DARBY,

       Plaintiff,

v.

CARNIVAL CORPORATION,

       Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Kay Darby's motion for reconsideration [ECF No. 113].

On November 23, 2021, the Undersigned issued a Report and Recommendations on Defendant's *Daubert* Motion [ECF No. 111]. The Undersigned recommended that Plaintiff's expert, Francisco De Caso, "be permitted to testify about slip resistance, but not human factors, lighting issues, or Defendant's constructive knowledge." *Id.* at 23.

On December 7, 2021, Plaintiff filed both a motion for reconsideration of the Report and Recommendations *and* objections to the Report and Recommendations. [ECF Nos. 113, 114]. The substance of both the motion for reconsideration and the objections is essentially the same: the Undersigned should consider additional (though not new) information concerning Dr. De Caso's qualifications to opine on lighting issues.

I.      **Plaintiff's Simultaneous Filing of Both a Motion for Reconsideration and Objections to the Report and Recommendations Leads to Concerns About the Undersigned's Jurisdiction to Entertain Plaintiff's Motion**

In her objections to the Report and Recommendations, Plaintiff states that she filed the instant motion at the same time as her objections so that she could comply with the 14-day objections period. [ECF No. 114, p. 1].  She nonetheless asks the District Judge to "defer ruling on these objections until the Honorable Magistrate Judge rules on Plaintiff's motion for reconsideration." *Id.* In other words, Plaintiff has appealed the Undersigned's recommendations while also seeking reconsideration of those same recommendations.

Plaintiff's decision to simultaneously file objections to the Report and Recommendations and a motion for reconsideration presents a jurisdictional conundrum. Plaintiff's objections -- i.e., an appeal of my recommendation to the District Judge -- may have divested the Undersigned of jurisdiction to rule on Plaintiff's motion for reconsideration. *See, e.g., NML Cap., Ltd. v. Republic of Arg.*, No. 2:14-CV-492-RFB-VCF, 2015 WL 3489684, at *2 (D. Nev. June 3, 2015) (concluding that an "objection to . . . [a magistrate judge's] order divested the magistrate judge of jurisdiction to clarify the order, absent express directions from the presiding district judge").

The Federal Rules of Civil Procedure provide a mechanism for appealing and challenging a magistrate judge's report and recommendations: Federal Rule of Civil Procedure 72. Ms. Darby has already availed herself of the opportunity afforded to her by Rule 72 by filing objections to the Report and Recommendations. Those objections will

be carefully considered and addressed by the District Judge. Thus, it is unclear whether

Ms. Darby may also simultaneously ask the Undersigned to reconsider the Report and

Recommendations.

Plaintiff's chosen path of filing both objections to the Report and

Recommendations (to be ruled upon by the District Judge) and a motion for

reconsideration (to be ruled upon by me, a magistrate judge) creates uncertainty as to

whether the Undersigned has jurisdiction to rule on the instant motion for

reconsideration.

Notwithstanding this jurisdictional uncertainty, the Undersigned will, in an

abundance of caution, nevertheless address the merits of Plaintiff's motion for

reconsideration -- in the event that the Undersigned still has jurisdiction to rule on

Plaintiff's motion.

**II.     Even If Plaintiff's Motion for Reconsideration Were Properly Before the Undersigned, it Would Be Denied on the Merits**

Alternatively, assuming the Undersigned has jurisdiction to address Plaintiff's

motion for reconsideration (which I may well not have), the motion would fail on the

merits.

Plaintiff moves for reconsideration under Federal Rules of Civil Procedure 59(e)

and 60(a)-(b). [ECF No. 113, p. 1]. "Rules 59(e) and 60(b) . . . apply only to a district court's

final judgment." *Wopshall v. Travelers Home & Marine Ins. Co.*, No. 18-14424-CIV, 2021 WL

4189852, at *2, n.1 (S.D. Fla. Sept. 14, 2021). Leaving aside the fact that a report and

recommendations is not a judgment, Ms. Darby has not asserted any grounds which would justify reconsideration of the Report and Recommendations.

"[C]ourts have inherent authority to reconsider their prior *non-final* orders." *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *1 (M.D. Fla. Dec. 17, 2020) (emphasis added). The standard for reconsideration of a non-final order is the same as a final order. "[W]hen a party requests reconsideration of a non-final order, the reviewing court shall apply the same standard that governs its reconsideration of a final order." *Leveille v. Upchurch*, No. 3:19-CV-908-BJD-MCR, 2021 WL 1530730, at *2 (M.D. Fla. Apr. 19, 2021) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

"Under Rule 59(e), reconsideration is proper when there is: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) a need to correct a clear error of law or fact or prevent manifest injustice." *Johnson v. Fla. Dep't of Corr.*, No. 21-CV-61325, 2021 WL 4356058, at *1 (S.D. Fla. Sept. 24, 2021) (citing *Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006)). A party may seek relief under Rule 60(b) on the following grounds: "(1) mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) fraud; (4) a void judgment; (5)

4

satisfaction, release, or discharge of a judgment; or (6) "any other reason that justifies

relief." Fed. R. Civ. P. 60(b).[1]

Reconsideration of an order "is an **extraordinary remedy** to be employed

sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla.

2002) (emphasis added).

"The purpose of a motion for reconsideration is to correct manifest errors of law

or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808

F. Supp. 1561, 1563 (S.D. Fla. 1992) (quotation marks and citation omitted). Plaintiff

argues that reconsideration of the Undersigned's Report and Recommendations is

necessary "to correct clear error or prevent manifest injustice." [ECF No. 113, p. 3]

(quotation marks, citation, and emphasis omitted).

"Clear error or manifest injustice occurs where the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented

to the Court by the parties, or has made an error not of reasoning but of apprehension."

*Kottler v. Gulf Coast Collection Bureau*, No. 19-61190, 2020 WL 3064769, at *2 (S.D. Fla. June

9, 2020) (quotation marks and citation omitted). None of these circumstances occurred

here.

---

[1]    Plaintiff also moves for reconsideration under Rule 60(a). A "district court may act under Rule 60(a) only to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time." *Vaughter v. E. Air Lines, Inc.*, 817 F.2d 685, 688-91 (11th Cir. 1987). Here, Plaintiff is seeking to change the substance of the Undersigned's Report and Recommendations. Thus, Rule 60(a) is clearly inapplicable.

In the instant case, Ms. Darby and her expert had ample opportunity to address all of the issues raised in Defendant's *Daubert* motion. The Report and Recommendations noted that "[t]he parties' *Daubert* briefings ha[d] been comprehensive and extensive" and that "Plaintiff ha[d] submitted, as part of her opposition, Dr. De Caso's own point-by-point rebuttal (in the form of a declaration attached to her memorandum) to many of the grounds raised by Defendant in seeking to exclude his testimony." [ECF No. 111, p. 9].

Plaintiff and Dr. De Caso knew that Defendant was seeking to exclude Dr. De Caso's opinions on lighting. [ECF No. 94, p. 6-7]. She submitted a declaration from Dr. De Caso which addressed, among other things, Defendant's argument that Dr. De Caso was not qualified to render opinions about lighting. In his declaration, Dr. De Caso stated that:

> [w]ith regards to illumination engineering or lighting mechanics, opposing council [sic] should be aware that IES recognizes multiple professional qualifications, due to the multifaceted nature of the illumination discipline. In fact, IES recognizes LEED A.P. as a professional lighting industry related credential, and as provided in [his] CV and included in [his] report [he] hold[s] a LEED A.P. (Leadership in Energy and Environmental Design Accredited Professional) by the U.S. Green Building Council. **To this end [he] hold[s] the professional qualifications necessary to provide the opinions related to illumination and the experiments conducted on Carnival Valor regarding this case.**

[ECF No. 106-1, p. 3] (emphasis added).

Plaintiff's motion for reconsideration is accompanied by a *supplemental* declaration from Dr. De Caso. [ECF No. 113-1]. Plaintiff has also submitted Dr. De Caso's updated curriculum vitae [ECF No. 113-2].

6

Dr. De Caso's supplemental declaration acknowledges that his initial declaration [ECF No. 106-1] was "lacking" because he did not adequately address his qualifications to opine on lighting issues and omitted "fundamental and important qualifications relevant to this matter." [ECF No. 113-1, ¶ 6(i)]. Among other things, Dr. De Caso's supplemental declaration addresses his "specific training on illumination/lighting engineering and mechanics," his prior experience "perform[ing] lighting/illuminance evaluations of numerous buildings" and lists six cases in which he "conducted lighting/illuminance surveys and evaluations" and provided expert opinions. [ECF No. 113-1, ¶¶ 6(iv), (vi), (ix)].

In other words, Plaintiff and Dr. De Caso concede that their first effort to avoid a *Daubert* exclusion Order was inadequate because the memorandum and declaration omitted many critical points.

Plaintiff states that "this Honorable Court did not have all of the full benefit of Dr. De Caso's qualifications relating to lighting when it" issued its Report and Recommendations. [ECF No. 113, p. 5]. However, the reason the Undersigned did not have the purported "full benefit of Dr. De Caso's qualifications" is because Plaintiff and her expert chose not to elaborate on Dr. De Caso's qualifications as a lighting expert in her response to Defendant's *Daubert* motion.

A "motion for reconsideration cannot be used to relitigate old matters, raise argument or **present evidence that could have been raised prior to the entry of [the**

7

**challenged ruling]**. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (emphasis added) (quotation marks and citation omitted).

District courts do not abuse their discretion in denying a Rule 59(e) motion to amend which "rais[es] altogether new arguments" because, if accepted, the motion "essentially affords a litigant two 'bites at the apple.'" *American Home Assur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985).

Phrased differently, "a party who **fails to present its strongest case** in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Landau v. City of Daytona Beach*, 6:19-cv-495, 2021 WL 3878244, at *1 (M.D. Fla., July 27, 2021) (emphasis added) (citing *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); *see also Villaflores v. Royal Venture Cruise Lines*, LTD., No. 96-2103-Civ-T-17B, 1997 WL 728098, at *2 (M.D. Fla. Nov. 17, 1997) (citation omitted) (same "failure to present strongest case" analysis).

Dr. De Caso's education, background, training, and experience concerning lighting matters were known to Plaintiff, or at the very least to Dr. De Caso, at the time of Plaintiff's response to Defendant's *Daubert* motion. Plaintiff has provided no explanation why her counsel and Dr. De Caso failed to include this information in her response to Defendant's *Daubert* motion.

8

According to the Court's CM/ECF system, which the Undersigned checked on December 11, 2021, Plaintiff's counsel has been in 435 plaintiff's cases in this district since 2010, almost all of them against cruise ship operators. Moreover, Dr. De Caso has provided expert opinions, after conducting lighting or luminance examinations, in six cruise ship cases.

So both Plaintiff's counsel and their expert witness are familiar with expert witnesses, challenges to expert witnesses and how to best present an expert's qualifications, experience, methodology and helpfulness when confronted with a *Daubert* motion.

If the Undersigned were to grant the reconsideration motion and permit Dr. De Caso to provide trial testimony about lighting, then Defendant would be prejudiced. The trial is currently scheduled [ECF No. 96] for the two-week calendar beginning February 28, 2022, and the deadline to complete expert witness discovery expired many months ago. Therefore, Defendant Carnival would not have the ability to take Dr. De Caso's deposition on lighting issues or to retain its own rebuttal expert on lighting. The District Court's referral does not authorize the Undersigned to change trial-related deadlines, such as the expert witness deadlines.

III.    Conclusion

In sum, Plaintiff's decision to file objections to the Report and Recommendations *and* also file a motion for reconsideration raises concerns about whether the filing of

Plaintiff's objections has divested the Undersigned of jurisdiction to rule on the motion

for reconsideration, absent further order from the District Judge. Alternatively, in the

event the Undersigned still has jurisdiction to address Plaintiff's motion for

reconsideration, the motion is due to be denied because Plaintiff has failed to set forth

any convincing grounds warranting reconsideration and a different ruling.

Plaintiff is surely able to advance her position with District Judge Federico A.

Moreno in her objections to the initial ruling. If Judge Moreno were to again extend the

expert witness discovery deadline and continue the trial date, then perhaps Plaintiff

would be able to advance a no-prejudice argument.  But, at this stage, that argument is

not persuasive.

For the reasons discussed above, it is

ORDERED AND ADJUDGED that Plaintiff's motion for reconsideration [ECF No.

113] is **STRICKEN** because the filing of Plaintiff's objections has divested the

Undersigned of jurisdiction to rule on the motion.

*Alternatively*, it is

ORDERED AND ADJUDGED that Plaintiff's motion for reconsideration is

**DENIED** on the merits.

        **DONE AND ORDERED** in Chambers, at Miami, Florida, on December 13, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
Counsel of Record